IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

VERLIE JAMES ESTEP, JR.
and PATRICIA JO ESTEP,

          Plaintiffs,

v.                                    CIVIL ACTION NO.  5:13-cv-02128

FEDERAL HOME LOAN MORTGATE
CORPORATION, and
SENECA TRUSTEES, INC.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Federal Home Loan Mortgage Corporation's Motion to Dismiss* ("Def.'s Mot.") (Document 4), attached exhibits, and supporting memorandum ("Def.'s Mem.") (Document 6). To date, Plaintiffs have not filed a response in opposition. After careful consideration, the Court finds that Defendant's motion should be granted in part and denied in part.

### I. PROCEDURAL HISTORY

On July 15, 2010, Plaintiffs, Verlie James Estep, Jr. and his wife, Patricia Jo Estep, filed a Complaint ("Compl.") (Document 1-2 at 2-4) against Defendants, Federal Home Loan Mortgage Corporation ("Freddie Mac"), Chase Home Financing, LLC ("Chase")[1], and Seneca Trustees, Inc. ("Seneca") in the Circuit Court of Wyoming County. Plaintiffs state that they own and occupy

---

[1] Freddie Mac asserts that "[b]y order entered September 25, 2012, the Circuit Court dismissed the Plaintiffs' claims against JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance, LLC, for lack of service of process and lack of prosecution." ("Notice of Removal" (Document 1) at 2.)

certain real estate located in Wyoming County, West Virginia, according to the deed of record in the Office of the Clerk of the Wyoming County Commission in Deed Book 408, at page 374. (*Id.* at ¶ 1-2.) Plaintiffs assert that they "owe a certain indebtedness on the property to [Freddie Mac] by virtue of a certain Deed of Trust of record in Trust Deed Book 212, at Page 591" although the original financing was with Chase Manhattan Mortgage Corporation. (*Id.* at ¶ 3.)

Plaintiffs' Complaint contains various allegations consisting of breach of contract, violations of the West Virginia Consumer Credit Protection Act, as well as allegations of bad faith and unfair dealing. (*See* Compl.) Based upon those claims, Plaintiffs have demanded that all debt collection activities involving the subject property be declared unlawful, unconscionable, null and void, and that they be given such other legal and equitable relief as the Court deems just and proper, including termination of all related lawsuits against them, removal of any cloud on their title, as well as a declaration that the Defendants must abide by all of their contractual obligations to the Plaintiffs and pay them any and all monies the Defendants have extorted from them. (*Id.* at 3.)

On January 28, 2013, Freddie Mac removed pursuant to 28 U.S.C. § 1331, 1442, and 12 U.S.C. § 1452(f). ("Notice of Removal") (Document 1.) In support of removal, Freddie Mac asserts that it is a United States corporation chartered by Congress and existing under the Federal Home Loan Mortgage Corporation Act, 12 U.S.C. 1451 et seq. (*Id.* at 2.) Freddie Mac contends that, pursuant to 12 U.S.C. 1452(f), it may, at any time prior to trial, remove any civil action in which it is a party, to the United States District Court embracing the place where the action is pending. (*Id.*) Freddie Mac also asserts that 28 U.S.C. § 1442(a) does not require it to notify or obtain consent from other defendants before it can remove the case to federal court. (*Id.*)

2

Therefore, Freddie Mac argues that it is entitled to remove this civil action pursuant to 12 U.S.C. 1452(f) because, as of the filing the Notice of Removal, no trial had taken place and no scheduling order had been entered. (*Id.*) Plaintiffs did not respond.

On February 27, 2013, Freddie Mac filed its Motion to Dismiss ("Def.'s Mot.") (Document 4), attached exhibits, and memorandum in support ("Def.'s Mem.") (Document 6). In its motion to dismiss and memorandum in support, Freddie Mac references and relies upon the following exhibits: 1) Deed of Trust at Trust Deed Book 212, page 591, labeled Exhibit A, 2) Assignment of Deed of Trust, at Assignment Book 14, page 138, labeled Exhibit B, 3) Substitution of Trustee, at Trust Deed Book 250, page 657, labeled Exhibit C, and 4) Report of Sale 5, at Page 980, labeled Exhibit D. (*Id.*) Freddie Mac asserts that the following documents are all public records, are "integral to the allegations in the Complaint, and are all subject to judicial notice under Federal Rule of Evidence 201." (*Id.* at 4.) Freddie Mac argues that Plaintiff's Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a plausible claim for which relief can be granted. (*Id.* at 1.) To date, Plaintiffs have not filed any response.

## II.     JURISDICTION

As stated above, this action was removed to federal court by Freddie Mac pursuant to 28 U.S.C. § 1331, 1442 and 12 U.S.C. § 1452(f). The other defendant, Seneca, did not join in or consent to the removal. Although Plaintiffs have not challenged the removal, this Court must satisfy itself that it possesses subject matter jurisdiction. *Brickwood Contrs., Inc. v. Datanet Eng'g, Inc.,* 369 F.3d 385, 390 (4th Cir.2004) ("questions of subject-matter jurisdiction may be

3

raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court.")

Under 28 U.S.C. § 1442(a)(1), "[a] civil action . . . that is commenced in a State court and that is against . . . [the United States *or any agency thereof* ] may be removed *by them* to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. 1442(a)(1) (emphasis supplied). "The only prerequisite to removal of a civil action under § 1442 is that it be brought against a federal officer or agency." *Bryant v. U.S. Dept. of Agriculture*, Civil Action No. 2:06-1031, 2007 WL 1651846 (S.D.W. Va. June 4, 2007) (J., Copenhaver) (quoting *IMFC Professional v. Latin Am. Home Health,* 676 F.2d 152, 156 (5th Cir.1982)); *see e.g., Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1253 (9th Cir.2006) (stating "[w]hereas all defendants must consent to removal under section 1441, (citations omitted) a federal officer or agency defendant can unilaterally remove a case under section 1442");

12 U.S.C. § 1452 provides that "[Freddie Mac] shall be deemed to be an agency included in sections 1345 and 1442 of such Title 28." 12 U.S.C. § 1452(f). Moreover, it confers federal subject matter jurisdiction. (*Id.*) ("all civil actions to which [Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value.") Under the statute, Freddie Mac may remove any civil action in a State court to which it is a party "at any time before the trial thereof." (*Id.*)[2]; *see, Huntingdon Valley Club Cond. Ass'n v. Penn. Housing*

---

2 The statute provides "any civil or other action, case or controversy in a court of a State, or in any court other than a district court of the United States, to which [Freddie Mac] is a party may at any time before the trial thereof be removed by [Freddie Mac], without the giving of any bond or security, to the district court of the United States for the district and division embracing the place where the same is pending, or, if there is no such district court, to the district court of the United States for the district in which the principal office of [Freddie Mac] is located, by following any procedure for removal of causes in effect at the time of such removal." 12 U.S.C. § 1452(f).

*Fin. Agency,* No. Civ.A.04–4770, 2005 WL 44524, at *3 (E.D.Pa. Jan. 10, 2005) ("Because Freddie Mac is deemed an agency of the United States and such agencies can remove without the consent of the other defendants, Freddie Mac may remove a case to federal court unilaterally.")

Upon consideration of Freddie Mac's Notice of Removal and Plaintiffs' Complaint, the Court finds that Freddie Mac has established by a preponderance of the evidence the existence of federal question jurisdiction. Therefore, the Court finds that removal was proper and that this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### III. STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) ... and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)" (*Id.*)

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Furthermore, allegations "must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint

5

[will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557).

The Court must "accept as true all of the factual allegations contained in the complaint," *Erikson v. Pardus*, 551 U.S. 89, 93 (2007), and "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the Court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice… [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 570). In the complaint, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

In addressing a motion to dismiss, a court may consider a plaintiff's factual allegations made in the complaint, any exhibits attached thereto, documents attached to the motion to dismiss that are authentic and integral to the complaint, and any matters of public record of which the court may take judicial notice. *Lee v. City of S. Charleston*, 2009 WL 2602378 *2 (S.D. W. Va. Aug. 21, 2009) (citing *Blankenship v. Manchin,* 471 F.3d 523, 526 n. 1 (4th Cir. 2006) (matters attached to motion to dismiss that are authentic and integral); *Hall v. Virginia,* 385 F.3d 421, 424 (4th Cir. 2004) (public records); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §1364.)

## IV.     DISCUSSION[3]

Defendant Freddie Mac moves to dismiss Plaintiffs' Complaint, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. (Def.'s Mot. and 6.)   Freddie Mac's overarching argument is that Plaintiffs have not identified any recognizable cause of action and that their complaint is full of conclusory allegations, void of any factual support. (Def.'s Mem. at 5-6.)

### A. Breach of Contract Claims

#### i. Unlawful Changes to the Terms and Conditions of the Deed of Trust

In paragraph four of the Complaint, Plaintiffs allege that Freddie Mac breached the Deed of Trust by unilaterally entering into a series of assignments and substituting Trustees without giving

---

[3] In reviewing Defendant's motion to dismiss, the Court has considered exhibits : (A) Deed of Trust at Trust Deed Book 212, 591, (B) Assignment of Deed of Trust, at Assignment Book 14, 138, (C) Substitution of Trustee, at Trust Deed Book 250, at 657, and (D) Report of Sale 5, at Page 980, attached as exhibits to Defendant's motion to dismiss, as they are integral to the complaint, and in fact are explicitly relied on, and authentic. (*See, Phillips v. LCI Int'l Inc.,* 190 F.3d 609, 618 (4th Cir.1999) (stating that "a court may consider [a document outside the complaint] in determining whether to dismiss the complaint" where the document "was integral to and explicitly relied on in the complaint" and its authenticity has not been challenged.)

7

them proper legal notice. Plaintiffs also contend that although they were and are "ready, willing and able to pay" all debt properly and legally owed to Defendants, Defendants "failed, refused and neglected to accept" their payments of said debt. (*Id.* ¶¶ 5- 6.)

Freddie Mac argues that Plaintiffs do not state a plausible claim for relief because they have not articulated any facts demonstrating why these actions would be illegal. (Def.'s Mem. at 6.) In fact, it contends that the note and Deed of Trust are assignable under West Virginia law. (*Id.*) (citing W.Va. Code §§ 46-3-104(a), 46-3-205(b)). Moreover, Freddie Mac asserts that the Deed of Trust expressly authorizes assignments and substitutions of trustees without notice. (*Id.*)[4] In support, Freddie Mac cites to sections 20 and 27 of the Deed of Trust. (*Id.*)

> Section 20 of the Deed of Trust states in pertinent part:
>
> The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Notice and this Security Instrument and performs other mortgage loan servicing obligations under the Notice, this Security Instrument, and Applicable Law . . . *If there is a change of the Loan Servicer*, Borrower *will be* given *written notice* of the change which will state the name and address of the new Loan Servicer, the address to which payment should be made and any other information RESPA requires in connection with a notice of transfer of servicing. . .

("Def.'s Mot. Ex. A" (Document 4-1) at 8) (emphasis supplied.)

Section 27 of the Deed of Trust states that "[i]t is hereby expressly covenanted and agreed to [by] all parties hereto that Lender may, at any time and from time to time thereafter, *without notice*, appoint and substitute another Trustee or Trustees, corporations or person, in place of the Trustee herein named to execute the trust herein created." (*Id.* at 9) (emphasis supplied.) Moreover, it provides that recording the substitution "shall be conclusive proof" and notice of the substitution. (*Id.* at 9-10.) The Deed of Trust states:

---

4 Freddie Mac does not specifically address Plaintiffs' allegation that it failed to accept their payments.

8

> Each such appointment and substitution shall be evidenced by an instrument in writing which shall recite the parties to, and the book and page of record of, this Security Instrument, and the description of the real property herein described, which instrument, executed and acknowledged by Lender and recorded in the office of the Clerk of the County Commission of the County wherein the Property is situate, shall be conclusive proof of the proper substitution and appointment of such successor Trustee or Trustees, and notice of such proper substitution and appointment to all parties in interest.

(*Id.*)

Construing Plaintiffs' allegations in the light most favorable to them, the Court finds that Plaintiffs' claim of breach of contract based upon Freddie Mac's assignments of the Deed of Trust without proper legal notice and Defendants' failure to accept payments survive Freddie Mac's instant motion. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir.1992) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). Based upon the Complaint and the Deed of Trust, the Court finds that Plaintiffs could prove facts in support of their claims which would entitle them to relief. As stated above, the Deed of Trust provides that the Borrower will be given written notice if there is a change of the Loan Servicer. (Def.'s Mot. Ex. A. at 9-10.) Because a motion to dismiss under Rule 12(b)(6) "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses," *Republican Party of N.C.,* 980 F.2d at 952, the Court finds that Freddie Mac's motion to dismiss should be denied as to Plaintiffs' breach of contract claim based on improper notice of Freddie Mac's assignments of the Deed of Trust and Defendants' failure to accept payments.

On the other hand, Section 27 of the Deed of Trust authorizes the Lender to unilaterally, and without prior notice to the Borrowers, substitute the Trustee. Therefore, the Court finds that

Freddie Mac's motion to dismiss should be granted as to Plaintiffs' breach of contract claim based upon improper notice by Freddie Mac of its substitution of trustees inasmuch as Plaintiffs have failed to state a plausible claim for relief.

### ii. *Failure to Provide Notice of Foreclosure Sale*

In paragraph seven of the Complaint, Plaintiffs allege that "Defendants wrongfully, unlawfully, inequitably and unconscionably purported to sell Plaintiffs' property on or about February 5, 2009 (Report of Sale Book 5, at Page 980) without adequate legal notice and without otherwise complying with other pertinent legal requirements for any such sale." (Compl. ¶ 7.)

Freddie Mac asserts that Plaintiffs do not state a plausible claim for relief because the Complaint fails to allege facts which indicate Plaintiffs are entitled to relief. Further, Freddie Mac argues that even assuming the allegations to be true, Plaintiffs' claims are barred by the statute of limitation in West Virginia Code 38-1-4a. (Def.'s Mem. at 9.) W. Va. Code 38-1-4a states in full:

> *Provided the grantor on the deed of trust or the agent or personal representative of the grantor is provided notice as required by section four of this article,* no action or proceeding to set aside a trustee's sale due to the failure to follow any notice, service, process or other procedural requirement relating to a sale of property under a trust deed shall be filed or commenced more than one year from the date of the sale.

W. Va. Code 38-1-4a. (emphasis supplied.)

Pursuant to West Virginia Code § 38–1–4, the trustee was required to provide notice by publication and personal service upon the grantors. W. Va.Code § 38–1–4. The statute provides that "the trustee shall publish a notice of a trustee's sale as a Class II legal advertisement" in "the

county where the property is located." (*Id.*)[5] It also requires that personal service of notice upon the grantor, "by certified mail, return receipt requested, directed to the address shown by the grantors on the deed of trust or such other address given to the beneficiary of said trust deed." (*Id.*) "[N]otice shall be deemed complete when such notice is mailed to the aforesaid address, notwithstanding the fact that such mail may be returned as refused or undeliverable." (*Id.*) In this case, paragraph 15 of the Deed of Trust designated the "Property Address" [10 Route 10 R.R., Lynco, West Virginia 24857] as the address to which notice shall be sent "unless Borrower has designated a substitute notice address by notice to Lender." (Def.'s Mot. Ex. A at 8.)

Assuming the factual allegations contained in the Complaint to be true, the Court finds that Plaintiffs' claim of improper notice of the foreclosure sale is sufficient to survive Freddie Mac's motion to dismiss. The statute of limitations contained in W. Va. Code 38-1-4a only applies if Plaintiffs were provided notice as required by West Virginia Code § 38–1–4. Although public records reveal that notice of the foreclosure sale was sent, by certified mail, return receipt requested, on November 19, 2008, to Verlie Estep, Jr. and Patricia Estep at the Property Address, such notice is insufficient if Plaintiffs had provided Defendants with a different address. ("Def.'s Mot. Ex. D." (Document 4-4) at 7-13.)[6] As stated above, West Virginia Code § 38–1–4 requires notice be "directed to the address shown by the grantors on the deed of trust *or such other address given to the beneficiary of said trust deed.*" (*Id.*) (emphasis supplied.) Whether or not Plaintiffs

---

5 W. Va. Code § 59-3-2 provides that "a Class II legal advertisement shall be published once a week for two successive weeks . . . in a qualified newspaper published in the publication area."
6 The notice satisfies the various requirements set forth in section 38–1–4. *See* W.Va. Code § 38–1–4 (requiring that every notice of sale by a trustee under a trust deed include the following: "(a) [t]he time and place of sale; (b) the names of the parties to the deed ...; (c) the date of the deed; (d) the office and book in which it is recorded; (e) the quantity and description of the land . . .; and (f) the terms of sale.") (*See,* Def.'s Mot. Ex. D. at 7-13.) The Court notes that notice was also published for two successive weeks in the Independent Herald in Wyoming County, West Virginia. (Def.'s Mot. Ex. D. at 5-6.)

11

provided Defendants with a different address is a question of fact, and thus, cannot be resolved at this stage in the proceedings. *Republican Party of N.C.,* 980 F.2d at 952.

Similarly, paragraph 15 of the Deed of Trust provides that notice shall be sent to the Property Address "*unless Borrower has designated a substitute notice address by notice to Lender*." (Def.'s Mot. Ex. A at 8) (emphasis supplied.) Paragraph 22 of the trust provides that "[i]f Lender invokes the power of sale, Lender or Trustee shall give Borrower, in the manner provided in Section 15, notice of Lender's election to sell the property. (*Id.* at 9.) Therefore, although Plaintiffs expressly waived "personal service of notice of any sale made hereunder, upon Borrower, its devisees, agents, successors or assigns," Plaintiffs' still state a claim of inadequate legal notice regarding the foreclosure sale. (*Id.*)

Because Plaintiffs could prove facts in support of their claim which would entitle them to relief, the Court finds Freddie Mac's motion to dismiss should be denied as to Plaintiffs' claim of breach of contract based on the failure to provide adequate legal notice of the foreclosure sale.

### iii. *Legality of Freddie Mac's Eviction Action*

In paragraph eight of the Complaint, Plaintiffs state that Freddie Mac "wrongfully and illegally filed lawsuit against Plaintiffs in Magistrate Court of Wyoming County purporting to have full and exclusive right, title and interest in and to Plaintiffs property when Defendant well knew that its purported title to said property was in dispute and that under West Virginia Code Section 50-2-1 Magistrate Court had no jurisdiction." (Compl. ¶ 8.) Plaintiff alleges that "[s]aid action by said Defendant was wrongful, illegal and amounted to attempted extortion and an unconscionable and deceptive action and debt collection activity." (*Id.*)

Freddie Mac argues that because Plaintiffs have not stated a plausible claim based upon the foreclosure sale, the legality of the eviction action in Magistrate Court cannot be a basis of a cause of action. (Def.'s Mem. at 9.)   Freddie Mac asserts that it had the legal right under West Virginia law to seek possession of the property through an ejectment or eviction because the foreclosure sale transferred both legal and equitable title of the property to them. (*Id.*) (citing *In re Bardell*, 374 B.R. 588, 591 (N.D.W. Va. 2007)   *aff'd*, sub nom. *Bardell v. Branch Banking & Trust Co.*, 294 F.App'x 47 (4th Cir.2008) (per curium) (unpublished opinion)).

The Court need not address Freddie Mac's arguments. The Court construes Plaintiffs' claim that Freddie Mac's eviction action in Magistrate Court amounted to "deceptive action and debt collection activity" as a claim under the West Virginia Consumer Credit Protection Act. (Compl. ¶ 8.)   As explained below, Plaintiffs' claims under the WVCCPA are time-barred. (*See infra.* pp. 14-15.) Moreover, the Court finds that Plaintiffs' claims do not contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (internal citation omitted.)   Therefore, Plaintiffs' claims should be dismissed.

### B. Claims Under the WVCCPA

In paragraph nine of the Complaint, Plaintiffs allege that Defendants have violated mandatory consumer credit transaction requirements under the WVCCPA. (Compl. ¶ 9.) Freddie Mac asserts that Plaintiffs have not alleged facts that establish a plausible claim or show that they are entitled to relief under the WVCCPA. (Def.'s Mem. at 10.) Freddie Mac contends that the Complaint does not put the Defendants on notice because it does not allege which defendants violated the WVCCPA and how. (*Id.*)   The Court agrees.   Plaintiffs' claims lack factual

13

allegations, and thus, are insufficient to survive Freddie Mac's motion to dismiss. *Iqbal,* 556 U.S. at 678.

Even if the Court were to find that Plaintiffs' factual allegations are sufficient to support a claim under the WVCCPA, the claim is time-barred by the governing statute of limitations. (*Id.*) W. Va. Code §46A-5-101(1) provides, in pertinent part:

> With respect to violations arising from consumer credit sales or consumer loans made pursuant to revolving charge accounts or revolving loan accounts, or from sales as defined in article six of this chapter, no action pursuant to this subsection may be brought more than four years after the violations occurred. With respect to violations arising from other consumer credit sales or consumer loans, no action pursuant to this subsection may be brought more than one year after the due date of the last scheduled payment of the agreement.

(*Id.*) This case arises from a nonrevolving consumer loan, and thus, is subject to the one-year statute of limitations. (*See Delebreau v. Bayview Loan Servicing*, LLC, 770 F.Supp.2d 813, 819 (S.D.W. Va. Jan. 18, 2011) (J. Goodwin), *aff'd* 680 F.3d 412 (4th Cir.2012)). The limitations period begins to run on "the due date of the last scheduled payment of the agreement." W. Va. Code §46A-5-101(1).

Public records indicate that a letter dated November 19, 2008, was sent to Plaintiffs notifying them of the acceleration and "declar[ing] all sums secured by said Deed of Trust to be immediately due and payable without further demand, subject to terms of said Deed of Trust, and applicable laws." (Def.'s Ex. D at 7.) The foreclosure sale occurred on February 5, 2009. (*See* Compl. ¶ 7; Def.'s Mem. at 11; Def.'s Ex. D. at 2.) Plaintiffs did not file this action until July 15, 2010. (*See,* Compl.; Docket Sheet). Therefore, Plaintiffs' claims under the WVCCPA are time barred by the one-year statute of limitations contained in W. Va. Code §46A-5-101(1) and should be dismissed with prejudice.

### C. *Breach of the Duty of Good Faith and Fair Dealing*

In paragraph ten of the Complaint, Plaintiffs allege a breach of the duty of good faith and fair dealing against Defendants. Specifically, they contend that "Defendants have wrongfully sought Unjust Enrichment at Plaintiffs' expense and are guilty of bad faith and unfair dealing with Plaintiffs." (Compl. at ¶ 10.) Freddie Mac argues this claim should be dismissed because West Virginia law does not recognize an independent claim for breach of good faith and fair dealing. (Def.'s Mem. at 12) (quoting *Highmark W. Va., Inc. v. Jamie*, 655 S.E.2d 509, 514 (W.Va. 2007) ("an implied covenant of good faith and fair dealing does not provide a cause of action apart from a breach of contract claim.")

Because Plaintiffs have sufficiently alleged a viable breach of contract claim, their breach of the duty of good faith and fair dealing claim against Defendants survives. However, to the extent that Plaintiffs are alleging a claim for unjust enrichment, the Court finds that Plaintiffs have not pled "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Plaintiffs have not alleged or articulated any facts supporting the three requisite elements for a claim for unjust enrichment.[7] Therefore, the Court finds that Freddie Mac's motion to dismiss should be granted as to any claim for unjust enrichment and denied as to Plaintiffs' claim of breach of the duty of good faith and fair dealing.

---

7 A claim of unjust enrichment consists of three elements: "(1) a benefit conferred upon the [defendant], (2) an appreciation or knowledge by the defendant of such benefit, and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *Veolia Es Special Servs., Inc. v. Techsol Chem. Co.,* No. 3:07–cv–0153, 2007 WL 4255280, at *9 (S.D.W.Va. Nov.30, 2007) (J., Chambers) (citing 26 Williston on Contracts § 68:5 (4th ed.)).

### V.     CONCLUSION

Wherefore, after careful consideration and based upon the findings herein, the Court does hereby **ORDER** that *Federal Home Loan Mortgage Corporation's Motion to Dismiss* (Document 4) be **GRANTED IN PART AND DENIED IN PART.** Specifically, the Court **ORDERS** that the motion be **GRANTED** as to the following claims: (1) breach of contract based upon improper notice of Freddie Mac's substitution of trustees; (2) violations of the WVCCPA; and (3) unjust enrichment, and that said claims be **DISMISSED WITH PREJUDICE** as to Freddie Mac. The Court further **ORDERS** that the motion be **DENIED** as to the following claims: (1) breach of contract claim based on improper notice of Freddie Mac's assignments of the Deed of Trust and Defendants' failure to accept payments; (2) breach of contract based upon Freddie Mac's failure to provide adequate legal notice of the foreclosure sale; and (3) breach of the duty of good faith and fair dealing.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:     May 16, 2013

*signature*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA