IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

VERLIE JAMES ESTEP, JR.
and PATRICIA JO ESTEP,

           Plaintiffs,

v.                                   CIVIL ACTION NO. 5:13-cv-02128

FEDERAL HOME LOAN MORTGATE
CORPORATION, and SENECA TRUSTEES, INC.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Federal Home Loan Mortgage Corporation's Motion for Summary Judgment* (Document 17) and *Memorandum of Law in Support* (Document 18). After careful consideration of the parties' written submissions and the entire record, the Court finds that the Defendant's motion should be granted.

**I.    BACKGROUND**

This action was initiated with the filing of the Plaintiffs' *Complaint* (Document 1-2), alleging tort and contract abuses committed by the Defendants with respect to real estate located in Wyoming County, West Virginia. The Court incorporates by reference the facts, allegations, and procedural history contained in the Court's earlier *Memorandum Opinion and Order* (Document 10) regarding *Defendant Federal Home Loan Mortgage Corporation's Motion to Dismiss* (Document 4). The Court similarly references and incorporates the jurisdictional section of its earlier opinion, and notes that the instant matter was properly removed pursuant to 12 U.S.C. §

1452(f), and that subject matter jurisdiction exists based on the presence of a federal question, pursuant to 28 U.S.C. § 1331. (*See* Document 10 at 3-5.) The Defendant filed its *Motion for Summary Judgment* and *Memorandum of Law in Support* on November 4, 2013.[1]

In the instant motion, Defendant Federal Home Loan Mortgage Corporation (FHLMC) argues that it is entitled to summary judgment because the Plaintiffs' remaining claims are "procedurally barred under the notice-and-cure provision in Section 20 of the Deed of Trust." (Document 18 at 2.) To bolster this contention, FHLMC cites *Holtzapfel v. Wells Fargo Bank, N.A.*, 2013 WL 1337283 (S. D. W. Va. 2013) (Copenhaver, J) (unreported). Put plainly, FHLMC argues it is entitled to judgment in its favor because all of the Plaintiffs' remaining claims are premised on alleged breaches of the Deed of Trust, and are, thus, barred because the Plaintiffs failed to follow Section 20 of the Deed of Trust by providing notice and a chance to cure. The Plaintiffs filed no response or opposition to the Defendant's motion for summary judgment.

## II.     STANDARD OF REVIEW

### A. Summary Judgment

The well-established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477

---

[1] The Defendant attached the following to its motion for summary judgment as exhibits: (1) a five page Affidavit in support of summary judgment dated October 31, 2013; (1-A) a two page document titled "Note" dated February 25, 2002; (1-B) a nine page document titled "Deed of Trust" dated March 7, 2002; (1-C) a two page document titled "Corrective Assignment of Deed of Trust" dated February 15, 2005; (1-D) a one page document titled "Corrective Assignment of Deed of Trust" dated February 22, 2008; (1-E) a copy of correspondence dated September 17, 2007; (1-F) a two page fax dated October 12, 2007; (1-G) seventeen pages of various documents pertaining to the foreclosure sales and subject property; and (2) a two page document titled "Substitution of Trustee" dated July 30, 2008 and a one page document titled "Legal Description" dated August 13, 2008.

U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014).  A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010).  A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor.  *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013); *News & Observer*, 597 F.3d at 576.

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23.  When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *Hoschar*, 739 F.3d at 169.   However, the non-moving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor."  *Anderson*, 477 U.S. at 256.  "At the summary judgment stage, the non-moving party must come forward with more than 'mere speculation or the building of one inference upon another' to resist dismissal of the action."  *Perry v. Kappos*, No.11-1476, 2012 WL 2130908, at *3 (4th Cir. June 13, 2012) (unpublished decision) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)).

In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter," *Anderson*, 477 U.S. at 249, nor will it make determinations of credibility. *N. Am. Precast, Inc. v. Gen. Cas. Co. of Wis.*, 2008 WL 906334, *3 (S.D.W. Va. Mar. 31, 2008) (Copenhaver, J.) (citing *Sosebee v. Murphy,* 797 F.2d 179, 182 (4th Cir.1986).  If

disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. If, however, the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

### B. Determination of Contract Language

Claims alleging breach of an unambiguous contract are "particularly suited for summary judgment disposal" because a court can "ascertain the meaning of the agreement as manifested by its language" and "enforce it as written." *Bank of Montreal v. Signet Bank*, 193 F.3d 818, 835 (4th Cir. 1999); *Fraternal Order of Police, Lodge No. 69 v. Fairmont*, 468 S.E.2d 712, 716 (W. Va. 1996). The first step in a court's analysis is to decide as a matter of law whether the contract is ambiguous or not. *Goodman v. Resolution Trust Corp.*, 7 F.3d 1123, 1126 (4th Cir. 1993) ("The question as to whether a contract is ambiguous is a question of law to be determined by the court."); *see also Franklin v. Lilly Lumber Co.*, 66 S.E. 225 (W. Va. 1909). A writing is ambiguous if it is "reasonably susceptible of two different meanings." *Estate of Tawney v. Columbia Natural Res., LLC*, 633 S.E.2d 22, 28 (W. Va. 2006). In addition, "[t]he mere fact that parties do not agree to the construction of a contract does not render it ambiguous." *Berkeley County Public Service Dist. v. Vitro Corp. of America*, 162 S.E.2d 189, 200 (W. Va. 1968).

If the language is unambiguous, it "must be construed according to [its] plain and natural meaning." *Fraternal Order of Police*, 468 S.E.2d at 716. A court may not use interpretation, construction, or extrinsic evidence to conceive any intention or obligation that contradicts the plain

meaning of an unambiguous agreement. *See Fifth Third Bank v. McClure Properties*, *Inc.*, 724 F.Supp.2d 598, 605 (S. D. W. Va. 2010) (Chambers, J.); *see also Haynes v. DaimlerChrysler Corp.*, 720 S.E.2d 564 (W. Va. 2011) ("It is not the right or province of a court to alter, pervert or destroy the clear meaning and intent of the parties as expressed" in an unambiguous contract.). The court "may then properly interpret that contract as a matter of law and grant summary judgment because no interpretive facts are in genuine issue." *Goodman*, 7 F.3d at 1126.

### III. DISCUSSION

A review of the Deed of Trust in this matter, specifically Section 20, reveals that the Defendant is entitled to summary judgment on the Plaintiffs' remaining claims. The Court finds that the contract at issue, or the Deed of Trust, is unambiguous because it is clear, plain, and not reasonably susceptible to two different meanings. As dictated by the Court's May 16, 2013 memorandum opinion and order, the Plaintiffs' remaining claims are for (1) breach of contract based on improper notice of Freddie Mac's assignments of the Deed of Trust and Defendants' failure to accept payments; (2) breach of contract based upon Freddie Mac's failure to provide adequate legal notice of the foreclosure sale; and (3) breach of the duty of good faith and fair dealing. (*See* Document 10 at 16.)

Section 20 of the Deed of Trust mandates, in pertinent part, that:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

5

(Document 17-3 at 7-8.) From this plain and unambiguous language, the Deed of Trust commands that if any party – Lender or Borrower – wishes to file suit or undergo any judicial action "pursuant to th[e] Security Instrument," they must *first* provide notice to the other party, as well as afford a "reasonable period after" for that party to cure, or take corrective action.

An almost identical notice-and-cure provision was found in *Holtzapfel*. There, after signing a deed of trust in order to purchase real estate, the plaintiff fell behind on her loan due to medical issues. *Holtzapfel*, 2013 WL 1337283 at *1. She attempted to re-finance the mortgage, but was unsuccessful, and the note holder instituted foreclosure proceedings. *Id*. After the home was sold at foreclosure, the plaintiff filed suit, asserting three causes of action for (1) failure to provide notice of the foreclosure sale; (2) breach of the contractual duty of good faith and fair dealing and (3) estoppel. *Id*. The defendant thereafter moved to dismiss the suit, claiming that all of the plaintiff's claims were barred by the "notice-and-cure provision contained in the Deed of Trust." *Id*. at *3. The notice-and-cure provision there stated, in relevant part, that:

> Neither Borrower nor Lender may commence . . . any judicial action . . . that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period . . . to take corrective action.

*Holtzapfel*, 2013 WL 1337283 at *3. The court ultimately dismissed the two breach of contract claims, finding them barred by the notice-and-cure provision found in Section 20.[2] Simply put, the plaintiff in *Holtzapfel* failed to give the defendant any pre-suit notice.[3]

---

[2] The court declined to dismiss the estoppel claim, instead holding that the plaintiff should be allowed time to file a more definite statement to cure certain pleading deficiencies. *Holtzapfel*, 2013 WL 1337283 at * 7.

Likewise, here, the uncontested facts reveal that the Plaintiffs never provided any notice to the Defendants *before* they commenced their lawsuit in Wyoming County Circuit Court, which also means they failed to provide the Defendants any reasonable period of time to cure.

While it is true that two of the Plaintiffs' remaining claims allege that the Defendants failed to provide notice of the transfer of the Deed of Trust and/or notice of the upcoming foreclosure sale, the Plaintiffs specifically waived any right to notice relating to "any sale hereunder" in Section 22 of the Deed of Trust. Coincidentally, this very same waiver was addressed in *Holtzapfel*. Although it was held there that the plaintiff waived her right to notice, the court further noted that any claim for failure to provide notice subject to the express terms of the Deed of Trust was "premature by virtue of the plaintiff's failure to comply with the notice-and-cure provision" of the Deed of Trust. *Holtzapfel*, 2013 WL 1337283 at *3.

The Plaintiffs have failed to respond with any evidence or indication that deceptive business practices existed independently of the contract. In fact, as stated above, the Plaintiffs have failed to respond to the Defendant's motion at all. Because the Plaintiffs' three remaining claims are predicated on a breach of the contract, or Deed of Trust, and because Section 20 of the Deed of Trust contains a clear and unambiguous notice-and-cure provision, identical to the one in *Holtzapfel*, the Defendant is entitled to judgment as a matter of law. In other words, there is no genuine issue of material fact to support denial of summary judgment in favor of the Defendant.

---

3    It must be noted that the court did declare that the notice-and-cure provision would not "preclude claims alleging deceptive business practices that exist independently of the contract between the parties." *Holtzapfel*, 2013 WL 1337283 at *3. (citations and quotations omitted.) The Court need not consider this exception, however, as the Plaintiffs do not allege any deceptive business practices. The Court observes that the Plaintiffs' complaint does refer to "attempted extortion and an unconscionable and deceptive action and debt collection activity," but that language is directed to the Defendants' alleged unlawful action in the Magistrate Court of Wyoming County, West Virginia, where the Defendants "purport[ed] to have full and exclusive right, title and interest in [the subject property]." (*See* Document 1-2 at 3.) The Court further notes that this claim (deceptive action) was dismissed in its May 16, 2013 memorandum opinion and order. (*See* Document 10 at 13.)

## CONCLUSION

Wherefore, after careful consideration and based on the findings above, the Court **ORDERS** that the Defendant *Federal Home Loan Mortgage Corporation's Motion for Summary Judgment* (Document 17) be **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

    ENTER:  March 27, 2014

*[signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA